UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14094-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELIAS ALVARADO,

    Defendant.

_____/

FILED by _____ D.C.

JUL 14 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 10-5197]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the submissions in support thereof filed by Michael G. Smith, Esquire, as attorney for the Defendant Elias Alvarado, as well as a copy of Mr. Smith's letter and attachments to Judge Martinez explaining the underlying nature of the case, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    Counsel for the Defendant seeks reimbursement of $17,475.00 as reasonable attorney's fees for the tasks performed and hours spent as more particularly set forth in the voucher at the rate of $125.00 per hour. Additionally, Mr. Smith seeks reimbursement of costs in the amount of $880.35.

    2.    This Court has reviewed the voucher which has also been reviewed by the CJA Administrator. This Court has also considered the explanation attached by Mr. Smith concerning the extended nature of the case and his involvement in respect thereto. This Court is familiar with the case since it conducted all pretrial proceedings in this case. It is not necessary to conduct an evidentiary hearing based upon this Court's familiarity with this

case. Additionally, this is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

3.  The attorney's fees sought by Mr. Smith exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether this matter is "extended" or "complex" as defined in the statute. Extended is defined as a case requiring more time than normal. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4.  The Defendant was charged along with other co-defendants with conspiracy to possess with intent to distribute over five hundred grams of cocaine hydrochloride, and possession with intent to distribute over five hundred grams of cocaine hydrochloride. The Defendant was found guilty of possession with intent to distribute five hundred grams or more of cocaine hydrochloride at the conclusion of the jury trial. The Defendant was thereafter sentenced by Judge Martinez as to Count Two of the Indictment to a term of imprisonment of one hundred months to be followed by a term of supervised release of four years and a special assessment of $100. Judge Martinez' Judgment and Sentence dated May 2, 2011 is reflected in [D.E. #146] of the record.

5.  The record reflects that Mr. Smith was appointed to represent the Defendant in this matter.

6.  Based upon this Court's independent review of the detailed time records and all attachments submitted by Mr. Smith as well as this Court's knowledge of the underlying case in handling the pretrial matters, this was not the normal criminal case. There was voluminous discovery provided by the government in this matter as is reflected by several responses and supplemental responses by the government to this Court's Standing

Discovery Order. The required review of the voluminous discovery, discussions with the Defendant, and ultimately a jury trial in this matter took place as is reflected in Mr. Smith's time records.

7. In determining whether or not the matter is complex, this Court must look to the underlying charges for which the Defendant was indicted as referenced by this Court above. The tasks performed as set forth in Mr. Smith's time records and attachments all appear to have been reasonable and necessary in light of the charges the Defendant was facing. This Court does not find any tasks which were performed by counsel which were unnecessary nor which should be adjusted other than the mathematical adjustments made by the CJA Administrator as is reflected on the voucher form. The travel time and other associated costs are also found by this Court to be reasonable and necessary under the particular facts and circumstances of this case. As a result, the time devoted by Mr. Smith should be fully compensated as well as the expenses incurred as set forth more particularly in the voucher and all attachments submitted by Mr. Smith.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 10-5197 be **GRANTED** and that Mr. Smith be awarded the sum of $17,475.00 as reasonable attorney's fees together with costs in the amount of $880.35, for a total sum of $18,355.35.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 14th day of July, 2011, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Michael G. Smith, Esq.
Lucy Lara, CJA Administrator